[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14526
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:99-cr-00003-WPD-19

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE LEGETT,
a.k.a. Little Willie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2011)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Willie Legett appeals the revocation of his supervised release, as well as the reasonableness of his 14-month revocation sentence. The district court found that Legett violated his release by committing the crimes of resisting arrest and witness tampering, in violation of Florida law.

We find no merit to Legett's claim that there was insufficient evidence to establish that he resisted arrest or engaged in witness tampering. At the revocation hearing, the district court considered the testimony of Sergeant Humberto Ruiz of the City of Hialeah, Florida Police Department. Sergeant Ruiz testified that when he responded to a call that accused Legett of a sexual offense, Legett: (1) persistently stared down the victim of the alleged sexual offense; (2) screamed out, "[S]ee what I am going to do to you, bitch"; (3) leaned back in his seat in an effort to kick out a window of the police car; and (4) stiffened his body and wedged his foot into the cage of the car in order to make it difficult for the officers to apply a restraint. Although the state dropped the charges against Legett, the defense presented no evidence at the revocation hearing to rebut Sergeant Ruiz's testimony and nothing in the record suggests that the district court's implicit credibility determination was clearly erroneous. Sergeant Ruiz's testimony sufficiently established, by a preponderance of the evidence, that Legett committed the crimes

of resisting arrest and witness tampering, and the district court, accordingly, did not abuse its discretion in revoking supervised release.

Legett next contends that his 14-month sentence is procedurally and substantively unreasonable. The sentence fell at the top of the applicable 8–14 month guideline range, but we ordinarily expect guideline sentences to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Although it is unclear whether Legett preserved his reasonableness challenge, we find his sentence to be both procedurally and substantively reasonable under either a plain-error or an abuse-of-discretion standard. The record shows that the district court correctly calculated the guideline range, considered the 18 U.S.C. § 3553(a) factors, and heard Legett's arguments in mitigation. In the end, the district court did not abuse its discretion in concluding that a sentence at the high-end of the guidelines range was necessary to comply with the purposes of § 3553(a).

**AFFIRMED.**